IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

LOTTIE CRUMP,

                Plaintiff,

vs.

FLUID HANDLING, LLC,
XYLEM, INC.,
GARY MAJCHRZAK and
MATTHEW KANDEFER,

                Defendants.

_____

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Civil No.:

1.      Plaintiff brings this action under the Civil Rights Act of 1866, 42 U.S.C.§ 1981 Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII") and New York Human Rights Law, ("NYHRL"), 15 N.Y. Exec. Law § 296 et seq. for damages arising from discrimination based on race and the discriminatory terms and conditions of employment imposed by the above captioned Defendants.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 42 U.S.C. § 1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on NYHRL, and pursuant to the common law of the New York State.

## VENUE

3.      Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 because plaintiff resides within this district, plaintiff's claims arise within this district and

defendants' conduct a substantial and significant amount of business within this district.

4.       Defendant, XYLEM, INC. ("XYLEM") was or is an Indiana corporation with its principal place of business in the State of New York at One International Drive, Rye Brook, New York.

5.       Defendant, XYLEM was or is an employer within the meaning of 42 U.S.C. § 2000e(b) and N.Y.S. Executive Law § 292 and employees over 500 persons.

6.       Defendant, FLUID HANDLING, LLC was or is an entity formed under the laws of Delaware with its principal place of business in the State of New York located at 175 Standard Parkway, Cheektowaga, New York (the "Plant").

7.       Defendant, FLUID HANDLING, LLC was or is an employer within the meaning of 42 U.S.C. § 2000e(b) and N.Y.S. Executive Law § 292 and employs over 500 persons.

8.       At all relevant times, herein mentioned, defendant, GARY MAJCHRZAK, was an/or is an employee of the defendants' and the Human Resource Manager for the defendants' facility at 175 Standard Parkway, Cheektowaga, New York (the "Plant").

9.       At all relevant times, herein mentioned, defendant, MATTHEW KANDEFER, was and/or is an employee of the defendants' and the Environmental Health and Safety Manager for the defendants' facility at the Plant.

10.      At all relevant times, herein mentioned, plaintiff LOTTIE CRUMP (the "Plaintiff") is an African American female who is a United States citizen and a resident of the State of New York, who has been injured by the acts and practices described herein.

11.      Plaintiff was and/or is an "employee" of the Company as defined by 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000(e) and N.Y.S. Executive Law § 292.

12.     On March 24, 2016, plaintiff dually filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Opportunity Employment Commission ("EEOC") claiming acts of discrimination and retaliation.

13.     On October 17, 2016, the EEOC issued a Notice of Right to Sue.

14.     Plaintiff has exhausted her administrative remedies and filed this Complaint within 90 days of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15.     Plaintiff realleges and incorporates by reference, Paragraphs 1-14 above.

16.     Defendants have a history, pattern and practice of engaging in race based discrimination.

17.     Defendants have engaged in and continue to encourage and foster a policy and practice of race based discrimination.

18.     Defendants have engaged in and continue to encourage and foster a policy and practice of failing to investigate or take seriously complains of race based discrimination.

19.     Plaintiff was originally hired by the former American Standard, Inc. on February 27, 1979 and has worked at the Plant continuously since that time period.  She has worked as a machinist and later as an assembler.

20.     Plaintiff has been discriminated against by defendants by not being paid appropriate night wages and/or credits and/or resulting in damage to her pension and other benefits.  Plaintiff has been discriminated against by the use of racially offensive material and words have been commonly used and permitted to be used in the workplace in connection with

3

her work settings and the performance of job duties.

21.    In March, 2015, the plaintiff was on medical leave from her job at the Plant. Despite being under the care of doctors, the plaintiff received a letter from defendant, MAJCHRZAK dated March 27, 2015 terminating her employment as of March 25, 2015.  This letter was sent despite a letter from her doctor dated March 26, 2015, explaining the plaintiff's inability to return to work.  The letter terminating her employment constitutes harassment, discrimination, retaliation and intentional infliction of emotional distress.

23.    In September, 2015, the plaintiff was informed by her employers to return to work, despite remaining under the care of doctors.  On September 14, 2015, the plaintiff informed the defendants that she had been cleared to return to work in a light duty position Subsequent to receiving that letter, defendant, MAJCHRZAK notified defendant, KANDEFER that the plaintiff had declined the light job duty offer.

24.    On September 21, 2015, the plaintiff, again, contacted her employers stating that the plaintiff was ready, willing and able to work on light duty.  The plaintiff was told that no light duty was available and she would have to work in the factory even though the plaintiff had not been cleared to work in the factory part of the Plant.

25.    The plaintiff reported for work in a light duty position on September 23, 2015. The job consisted of watching safety movies, as well as performing light duty work in the engineering department.

26.    The plaintiff's desk was positioned in a room which contained a glass partition. The manager of the engineering department, Mike Hrynccak's desk had a view of the glass partition.

4

27.     On the first day of the job, a picture was taped from the other side of the glass partition facing toward the plaintiff's work area.  The picture facing the plaintiff was a picture of a black monkey with its eyes closed and its hands raised toward the sky in a praying stage with fire coming out of both hands.  The plaintiff often brings a bible to work and employees know that she is a very religious person.  The picture of the black monkey, in plain view of the other people in the engineering department, shows blatant and outrageous racial and religious discrimination toward plaintiff aspect causing her great mental and physical anguish, anxiety, and damage.

28.     While performing her job duties at XYLEM on September 23, 2015, in addition to the black monkey that was placed on the wall facing toward the plaintiff's workplace and others in the engineering department, the plaintiff was required to review a series of safety videos.  Defendant KANDEFER required the plaintiff to view these videos.  While watching a safety video on the computer at her workplace, the video finished and the following words flashed across the computer screen "Monkey in training".

29.     At various times while the plaintiff was employed at the defendants' workplace, she encountered several instances of additional discrimination, harassment, physical abuse and mental abuse.  These actions included meetings being held with the defendants MAJCHRZAK and KANDEFER in an area in which the plaintiff's medical records, medical condition and overall health were discussed in a manner that other employees not attending the meeting and going about their everyday work tasks were privy to.  This resulted in the plaintiff being made a mockery of her walk, as well as comments concerning her mental status by other employees at the Plant; Plaintiff also overheard remarks regarding references to her being a pig as well as pig

sounds being made; and, in another instance, an employee referenced her gait and said for the plaintiff to pick up her feet so she does not tear up the carpet.

## COUNT I
### 42 U.S.C. 1981

30.     Plaintiff realleges and incorporates by reference paragraphs 1-29 above.

31.     Defendants have discriminated against Plaintiff by denying her the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of her employment relationship with defendants and with regard to the enjoyment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

32.     Defendants' conduct have been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

33.     By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e) et seq.

34.     Plaintiff realleges and incorporates by reference, paragraphs 1-33 above.

35.     Defendants have discriminated against Plaintiff with respect to the terms and conditions of employment because of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended by the Civil Rights Act of 1991.

36.     Defendants' conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

6

37.     By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT III
## NEW YORK HUMAN RIGHTS LAW
## IS NEW YORK EXECUTIVE LAW § 291 ET SEQ.

38.     Plaintiff realleges and incorporates by reference paragraphs 1-37 above.

39.     Defendants have discriminated against Plaintiff by denying her the same rights as enjoyed by Caucasian employees with regard to the terms and conditions of his employment in violation of 15 New York Executive Law § 291 et seq.

40.     Defendants' conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

41.     By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT IV
## NEW YORK HUMAN RIGHTS LAW
## AIDING AND ABETTING

42.     Plaintiff realleges and incorporates by reference paragraphs 1-41 above.

43.     Defendants MAJCHRZAK and KANDEFER were all managers and/or supervisors of the Plaintiff for the Company during all relevant times mentioned herein.

44.     Defendants MAJCHRZAK and KANDEFER aided and abetted the defendants XYLEM and/or FLUID HANDLING in their discriminatory, hostile and retaliatory conduct against the plaintiff.

45.     Defendants MAJCHRZAK and KANDEFER directly participated in and/or condoned the discriminatory, hostile and retaliatory conduct against the plaintiff.

46.     The acts and/or omissions of defendants MAJCHRZAK and KANDEFER were intentional, willful, reckless and discriminatory in nature.

47.     The acts and/or omissions of defendants MAJCHRZAK and KANDEFER were intentional, willful, reckless and directly motivated by Plaintiff's race and/or in retaliation for plaintiff's complaints of discrimination.

48.     The above mentioned discriminatory acts and illegal conduct by the defendants, XYLEM and FLUID HANDLING, LLC could not have been effectuated and/or carried out without the knowledge, aiding and/or abetting of defendants MAJCHRZAK and KANDEFER.

49.     By virtue of defendants' conduct as alleged herein, Plaintiff has been injured.


## COUNT V
## RETALIATION

50.     Plaintiff realleges and incorporates by reference paragraphs 1-49 above.

51.     Defendants' acts and/or omissions were and continue to be intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race.

52.     Defendants' acts and/or omissions were in direct retaliation for Plaintiff's complaints of discrimination against the defendants.

53.     42 U.S.C. § 1981, Title VII and NYHRL guarantee protection of the law against retaliation for complaints of discrimination on the basis of race in employment practices.

54.     By virtue of defendants' conduct as alleged herein, Plaintiff has been injured.


## COUNT VI
## HOSTILE WORK ENVIRONMENT

55.    Plaintiff realleges and incorporates by reference paragraphs 1-54 above.

56.    Defendants' acts and/or omission were and continue to be intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race.

57.    Defendants' acts and/or omissions were and continue to be pervasively hostile, intimidating and offensive to Plaintiff.

58.    Defendants' acts and/or omissions would be perceived as hostile and offensive to a reasonable person similarly situated as the plaintiff.

59.    Defendants' acts and/or omissions were and continue to be sufficiently intimidating, severe, pervasive, insulting and discriminatory as to alter the conditions of Plaintiff's employment and to create a hostile and abusive working environment.

60.    By virtue of defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.    Plaintiff realleges and incorporates by reference paragraphs 1-60 above.

62.    Defendant's acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and directly motivate by Plaintiff's race and/or religion.

63.    Defendant's acts and/or omissions were intimidating, pervasive, extreme and outrageous and intended to cause severe emotional distress to the plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

a.     Awarding Plaintiff compensatory damages in the amount of $50,000,000.00;

b..    Awarding Plaintiff punitive damages in the amount of $50,000,000.00;

c.     Awarding attorneys fees and reimbursement of costs associated with this action to

Plaintiff's Counsel; and

d.     Awarding Plaintiff such other and further legal and equitable relief as may be

appropriate in the interest of justice.

DATED:      January 13, 2017
            Buffalo, New York

**PAUL WILLIAM BELTZ, P.C.**

By: /s/ Philipp L. Rimmler
Philipp L. Rimmler, Esq.
Attorneys for the Plaintiff
36 Church Street
Buffalo, New York 14202
(716) 852-1000 (tel)
plrimmler@paulbeltz.com